UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARK MYERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00827-CMS |
| | ) | |
| ST. CHARLES COUNTY, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are *pro se* Petitioner Mark Myers' Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1), Motion for Leave to Proceed *in Forma Pauperis* without Prepaying Fees or Costs (Doc. 2) and Motion to Appoint Counsel (Doc. 3). For the reasons stated below, the Court will deny Petitioner's Petition, grant Petitioner's Motion for Leave to Proceed *in Forma Pauperis*, and deny Petitioner's Motion to Appoint Counsel as moot.

**BACKGROUND**

Petitioner is a pretrial detainee being held in St. Charles County Jail. *Id.* at 1. Independent review of Petitioner's criminal case on Missouri Case.net, the State of Missouri's online docketing system,[1] reveals that a criminal complaint was filed in St. Charles County Circuit Court against Plaintiff in December 2025, charging him with felony drug trafficking in the second degree and three counts of felony endangering the welfare of a child in the first degree. *See State v. Myers*, No. 2511-CR03834 (11th Jud. Cir., St. Charles County Court). According to the probable cause

---

[1] The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district courts may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

statement filed in the case, Petitioner has prior convictions for statutory rape in the second degree, failure to register as a sex offender, possession of a controlled substance, and unlawful possession of drug paraphernalia. As of the date of this Order, the charges are still pending, and the case is set for a hearing in November.

## DISCUSSION

### I. Motion for Leave to Proceed *in Forma Pauperis*

Upon review of the financial affidavit,[2] the Court has determined that Petitioner is unable to pay the filing fee. *See* 28 U.S.C. § 1915. Thus, Petitioner's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2) will be granted.

### II. Petition for a Writ of Habeas Corpus

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a Section 2254 petition if it plainly appears that a petitioner is not entitled to relief. Rule 4 also applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). For the reasons discussed below, it plainly appears that Petitioner is not entitled to relief on his Section 2241 petition; therefore, it will be summarily dismissed.

Under 28 U.S.C. § 2241(c)(3), federal courts have jurisdiction over pretrial habeas petitions in certain instances. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Id.* "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an

[2] While Petitioner has not filed an account statement in this case, the Court has reviewed Petitioner's account statement filed in another pending matter. *See Myers v. St. Charles County*, et al., No. 4:26-cv-00802, doc. 4.

affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) (citing *Ex parte Royall*, 117 U.S. 241, 253 (1886)). The state court must have "an opportunity to consider on the merits [a petitioner's] constitutional claim" before the claim is brought to federal court. *Id.* at 490. This exhaustion requirement "preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings." *Id.* (citing *Note*, *Developments in the Law-Federal Habeas Corpus*, 83 Harv. L. Rev. 1038, 1094 (1970)). Furthermore, this requirement guarantees that petitioners reach state appellate courts, which can correct errors of law and most effectively impose uniformity on trial courts. *Id.* at 490–91.

Thus, a petitioner must exhaust all available state remedies before bringing a Section 2241 habeas action and only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* at 489–91. "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings." *Blanck v. Waukesha Cnty.*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999). Courts have found that special circumstances exist where double jeopardy is at issue or where a speedy trial claim is raised. *See, e.g.*, *Braden*, 410 U.S. at 488 (speedy trial); *Blanck*, 48 F. Supp. 2d at 860 (double jeopardy).

Here, Petitioner cannot demonstrate that he has exhausted the remedies available to him in his pending state-court criminal proceedings. Petitioner explicitly states he did not appeal or seek any administrative remedy prior to filing his Petition with this Court. *See* (Doc. 1 at 2–3). More, Petitioner states only one ground for relief, that "[t]he state has no evidence of the charges that the state claims against" him. *Id.* at 6. Petitioner asks this Court "[t]o force the state to drop all the false charges against" him. *Id.* at 7. The ground asserted by Petitioner can be raised in state court proceedings and does not constitute special circumstances required for a finding that he has

exhausted his available state remedies. Petitioner does not assert a claim based on double jeopardy or speedy trial. Because Petitioner cannot demonstrate exhaustion of his claim and no special circumstances exist, relief under Section 2241 is unavailable.

For this reason, the Section 2241 Petition is summarily dismissed under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1), is **DISMISSED** without prejudice.

**IT IS FINALLY ORDERED** that Petitioner's Motion to Appoint Counsel (Doc. 3) is **DENIED** as moot.

The Clerk of Court is directed to close this case.

Dated this 13th day of October 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE